FILED

AUG 0 4 2008

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| ROSE THUNDER CLUB, | ) | CIV. 07-5093-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff applied for social security disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) denied plaintiff's claim. Plaintiff seeks judicial review of the ALJ's decision. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The decision of the ALJ must be upheld if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Metz v. Shalala, 49 F.3d 374, 376 (8th Cir. 1995) (citing Sullies v. Shalala, 25 F.3d 601, 603 (8th Cir. 1994), cert. denied, 573 U.S. 1076, 115 S. Ct. 722, 130 L. Ed. 2d 627 (1995)); Smith v. Shalala, 987 F.2d 1371, 1373 (8th Cir. 1993). Substantial evidence is less than a preponderance, but enough evidence that a

reasonable mind might find it adequate to support the conclusion. Fines v Apfel, 149 F.3d 893 (8th Cir. 1998) (citing Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993)). See also Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995) (citing Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971)). See also Onstead v. Sullivan, 962 F.2d 803 (8th Cir. 1992) (quoting Whitehouse v. Sullivan, 949 F.2d 1005, 1007 (8th Cir. 1991)). Review by this Court extends beyond a limited search for the existence of evidence supporting the Commissioner's decision to include giving consideration to evidence in the record which fairly detracts from the decision. Brockman v. Sullivan, 987 F.2d 1344, 1346 (8th Cir. 1993); Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992); Turley v. Sullivan, 939 F.2d 524, 528 (8th Cir. 1991).

However, the Court's role under section 405(g) is to determine whether there is substantial evidence in the record as a whole to support the decision of the Commissioner and not to reweigh the evidence or try the issues de novo. Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). Furthermore, a reviewing court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993); Smith v. Shalala, 987 F.2d at 1374 (citing Locher, 986 F.2d at 727 (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984))). The Court must review the Commissioner's decision to determine if an error of law has been committed. Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992); Nettles v. Schweiker, 714 F.2d 833, 836 (8th Cir.

1983). The Commissioner's conclusions of law are only persuasive, not binding, on the reviewing court. Smith v. Sullivan, 982 F.2d at 311; Satterfield v. Mathews, 483 F. Supp. 20, 22 (E.D. Ark. 1979), aff'd per curiam, 615 F.2d 1288, 1289 (8th Cir. 1980). As long as the ALJ's decision is supported by substantial evidence, then this Court cannot reverse the decision of the ALJ even if the Court would have decided it differently. Smith, 987 F.2d at 1374.

## BACKGROUND AND DISCUSSION

Plaintiff is a fifty-four year-old woman, born on July 19, 1954. On December 22, 2004, plaintiff filed for social security benefits, alleging disability commencing on June 15, 2000. Administrative Record (AR) 12. Plaintiff's alleged disability was due to pelvic/abdominal pain as a result of her right ovary being attached to her bowel. AR 71. This condition was an unintended result of a hysterectomy. AR 73. The hysterectomy was complicated by the fact that plaintiff developed a post-operative pulmonary embolus, which required hospitalization for approximately one week. AR 224-25. The pulmonary embolus resolved, but shortly thereafter plaintiff began complaining of pelvic/abdominal pain. AR 140. Plaintiff's pain was ultimately diagnosed to be the result of an adhesion between her ovary and her bowel. AR 246. Throughout all of this, plaintiff treated the pain with narcotic medication, and has steadfastly refused surgical options. AR 18.

Plaintiff's claim was denied at all stages, and she appealed to the ALJ. The ALJ hearing was held on July 20, 2006. AR 12. Plaintiff was represented by counsel. Id. An impartial medical expert and an impartial vocational expert were present at the hearing but did not testify. Id. Plaintiff, however, did testify at the hearing. Id.

The ALJ issued his decision denying benefits on August 22, 2006. AR 12-18. The ALJ found that plaintiff was not disabled and was capable of performing a limited range of light work. Id. The ALJ's denial of benefits was based primarily upon a finding of lack of credibility on the part of plaintiff. The ALJ found that plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms," but that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." AR 18. The ALJ further noted that plaintiff

> has consistently refused having a diagnostic laparoscopic procedure to determine the extent of any adhesions and the possible removal of her ovaries. Instead, she has elected to take pain medication that she asserts is insufficient to eliminate her abdominal pain. The [plaintiff] did not [seek medical treatment] for abdominal pain from April 24, 2002 to October 21, 2003. Her next record is dated June 7, 2004. Apparently, the [plaintiff] was able to tolerate her pain with the use of medications.

Id. (internal citations to the record omitted).

Plaintiff raises only one issue in this appeal, contending that the ALJ's erred in rejecting plaintiff's credibility. Specifically, plaintiff argues that the refusal to consider surgical options should not detrimentally impact upon her credibility. Plaintiff

4

indicates that her reluctance to have surgery is reasonable in light of the complication (pulmonary embolus) that developed after her hysterectomy. In support of this contention, plaintiff points to a medical note from Dr. James Danielson (Danielson), one of plaintiff's treating physicians, in which Danielson states that "I would recommend that [plaintiff] continue with expectant management at this time and not pursue any operative intervention, which she is somewhat reluctant to proceed with. This is primarily because of her history of pulmonary embolus . . . ." AR 246.

Dr. Allison Karun (Karun), another one of plaintiff's treating physicians and a partner of Danielson, had a somewhat different opinion. Karun repeatedly discussed the possibility of a surgical option with plaintiff. In a medical note from November 9, 2004, Karun stated that, due to the fact that plaintiff was "50 years old and most likely close to menopause at this point," "a diagnostic laparoscopy with removal of both ovaries at that time" could alleviate plaintiff's pain. AR 247. Plaintiff informed Karun of her desire to avoid surgery and continue to treat with medications, but plaintiff also suggested that she would consider surgery if the pain continued. AR 246-47. In a medical note from January 26, 2005, Karun again indicated that a surgical option was discussed, but that plaintiff "is reluctant to proceed with surgery." AR 245.

On July 25, 2005, plaintiff again saw Karun, complaining of the same symptoms. Again Karun discussed the surgical option with plaintiff. AR 250. Karun's note from this appointment indicated that plaintiff "is not interested in surgical treatment." Id.

Karun further noted that, "[a]t this point [plaintiff] would like to avoid surgery, which I am agreeable to." Id. However, Karun explained to plaintiff that she (Karun) "would not keep [plaintiff] on narcotics indefinitely." Id. Karun noted that "I did recommend [to plaintiff] that we stop the narcotics." Id.

The fact that plaintiff refuses to consider surgical options, coupled with the fact that plaintiff's treating physician will not continue to prescribe narcotics indefinitely, leads the Court to the conclusion that plaintiff's disability, to whatever extent it exists, is largely one of her own making. Plaintiff cannot hope to obtain social security benefits if she refuses treatment for her allegedly disabling condition. In Chamberlain v. Shalala, 47 F.3d 1489, 1495 (8th Cir. 1995), the Eighth Circuit stated that the "[f]ailure to seek aggressive medical care is not suggestive of disabling pain." Plaintiff seeks to distinguish Chamberlain from the present case. While Chamberlain may in fact be distinguishable in its particulars, it is directly controlling with respect to the principle that failure to seek aggressive medical treatment is not suggestive of disabling pain. That principle is at the heart of this case.

The ALJ's credibility determinations are given deference "so long as such determinations are supported by good reasons and substantial evidence." Vester v. Barnhart, 416 F.3d 886, 889 (8th Cir. 2005). "This court will not substitute its own opinion for the ALJ's, who is in a better position to gauge credibility and resolve

conflicts in evidence." <u>Travis v. Astrue</u>, 477 F.3d 1037, 1040 (8th Cir. 2007) (citations omitted). Here, the ALJ properly cited plaintiff's refusal to consider surgical options as a basis for the rejection of her credibility. Therefore, the ALJ's ultimate ruling is supported by good reasons and substantial evidence. Accordingly, it is hereby

ORDERED that plaintiff's complaint (Docket #1) is dismissed and the decision of the ALJ is affirmed.

Dated this 4th day of August, 2008.

BY THE COURT:

*[signature: Richard H. Battey]*
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE